IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANGELA RENEE LATSON AND ALL OTHER OCCUPANTS OF 1021 WINDING CREEK, CEDAR HILL, TX 75104, <br><br> Plaintiff, <br><br> VS. <br><br> WELLS FARGO HOME MORTGAGE N.A., SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE, INC., et al., <br><br> Defendants. | § § § § § § § § Civil Action No. 3:08-CV-0984-D § § § § § § § § |

MEMORANDUM OPINION
AND ORDER

Plaintiff Angela Renee Latson ("Latson") brings this *pro se* action against defendants Wells Fargo Bank, N.A. ("Wells Fargo")[1] and Mortgage Electronic Registration ("MERS"),[2] seeking to enjoin them from foreclosing on her residence located in Cedar Hill, Texas. Wells Fargo and MERS move for summary judgment based on the affirmative defense of res judicata. For the reasons that follow,

---

[1]Latson actually sues "Wells Fargo Home Mortgage N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc." Wells Fargo answered her state court petition and removed the case. Latson does not contest the fact that Wells Fargo is the proper defendant.

[2]The correct name of MERS is "Mortgage Electronic Registration Systems, Inc." Ds. App. 14. Latson sued MERS under its proper name in 2005. *Id.* There is no dispute for purposes of applying the doctrine of res judicata that the current defendant is the same entity that Latson sued before.

the court grants the motion.[3]

I

In 2003 Latson executed a promissory note payable to Prime Lending, Inc.[4] Payment of the note was secured by a deed of trust on the real property in Cedar Hill, Texas that is at issue in this lawsuit. Wells Fargo is the current owner and holder of the note and deed of trust.

In 2005 Latson brought a *pro se* lawsuit against MERS seeking to enjoin the foreclosure of her residence. On her motion, her claims against Wells Fargo and MERS were dismissed with prejudice. In 2007—this time represented by counsel—Latson filed suit against Wells Fargo seeking to enjoin it from foreclosing on her residence. The Texas state court granted summary judgment in Wells Fargo's favor, dismissing Latson's action with prejudice.

In 2008, proceeding *pro se* once again, Latson brought the instant case against Wells Fargo and MERS seeking to prevent the foreclosure of her Cedar Hill, Texas residence. Wells Fargo and MERS removed the case to this court based, *inter alia*, on diversity

---

[3]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[4]The court recounts the evidence under the standard explained *infra* at § II.

of citizenship.[5]

On August 6, 2008 Wells Fargo and MERS filed the instant motion for summary judgment. They maintain that Latson's suit arises from the same transaction that was litigated in the prior lawsuits, is based on the same nucleus of operative facts, and is barred as a matter of law under the doctrine of res judicata. Pursuant to N.D. Tex. Civ. R. 7.1(e), Latson's response was due no later than August 26, 2008. Latson has not responded to the motion, and it is now ripe for decision.

II

Res judicata is an affirmative defense under Texas law. *Joachim v. Travelers Ins. Co.*, ___ S.W.3d ___, 2008 WL 4367872, at *2 (Tex. App. Sept. 25, 2008, no pet. h.); *see also Hawk v. Williams*, 2003 U.S. Dist. LEXIS 20386, at *7, *11-*17 (N.D. Tex. Nov. 13, 2003) (Fitzwater, J.) (applying Texas law). Wells Fargo and MERS will therefore bear the burden of proof on this defense at trial. Because they will bear the burden, to obtain summary judgment on this basis, they must establish "'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). This means that Wells Fargo

---

[5]They also removed the case based on federal question jurisdiction. Because the court has diversity jurisdiction, it need not address whether there is federal question jurisdiction.

and MERS must demonstrate that there are no genuine and material fact disputes and that they are entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). The court has noted that the "beyond peradventure" standard is "heavy." *See, e.g., Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.).

Although Latson has not responded to defendants' motion, her failure to respond does not permit the court to enter a "default" summary judgment. The court is permitted, however, to accept defendants' evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Latson's *pro se* status does not materially alter her obligations as the summary judgment nonmovant. *Id.* at 1005. As the court stated in *Bookman*:

> There is a point at which even *pro se* litigants must become responsible for the prosecution of their own cases if their claims are to warrant the court's attention. It is not unjustifiably onerous to require *pro se* parties to respond to proper motions for summary judgment. All summary judgment nonmovants shoulder the same obligation.

> District courts can make appropriate allowances for *pro se* responses that may be somewhat less-artfully written than those of represented parties. This can be accomplished, however, without excusing them from the most basic requirement that they file a response.

*Id.*

III

A

"In determining whether the present suit is barred by the state court judgment, the court applies state law." *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 710 (N.D. Tex. 2006) (Fitzwater, J.) (citing *Landscape Design & Constr., Inc. v. Transp. Leasing/Contract, Inc.*, 2002 WL 257573, at *3 (N.D. Tex. Feb 19, 2002) (Fitzwater, J.)). "Under Texas law, res judicata . . . appl[ies] if this action is based on the same claims as were raised or could have been raised in state court." *Id.* (citing *Transp. Concepts, Inc. v. San Francisco French Bread Co.*, 2000 WL 1175642, at *1 (N.D. Tex. Aug. 17, 2000) (Fitzwater, J.); *Dittmann v. City of Garland*, 1998 WL 574774, at *3 (N.D. Tex. Aug. 31, 1998) (Fitzwater, J.)). "[A] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Hawk*, 2003 U.S. Dist. LEXIS 20386, at *11 (alteration in original) (quoting *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)). "Res judicata bars 'the relitigation of a claim

or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit.'" *Id.* at *11-12 (citing *Barr*, 837 S.W.2d at 628). "Res judicata requires proof of '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Id.* at *12 (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)).

B

Wells Fargo and MERS have established beyond peradventure all of the essential elements of the affirmative defense of res judicata. They have demonstrated a prior final judgment on the merits by a court of competent jurisdiction, identity of parties or those in privity with them, and a subsequent action based on the same claims as were raised or could have been raised in the prior action. Because Latson has failed to respond to defendants' motion, she has not pointed to any evidence that places any of these essential elements in material and genuine dispute.

* * *

Accordingly, the August 6, 2008 motion for summary judgment of Wells Fargo and MERS is granted, and Latson's suit against them is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

October 21, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE